UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GEORGE NIMER MARTHA,

Petitioner,

v.

CONTRA COSTA COUNTY,

Respondent.

Case No. 16-cv-07138-SI

**ORDER OF DISMISSAL**

Re: Dkt. No. 8

George Martha filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2241 or § 2254. The petition was unclear but appeared to concern three different issues.

> First, Martha asks this court to terminate removal proceedings brought by Immigration and Customs Enforcement (ICE) and to return his bond. He contends that the bond should be returned because "the case is over." Docket No. 1 at 15. Second, Martha contends that a state court case or conviction was dismissed pursuant to Proposition 36 proceedings, but he cannot get the court to provide a copy of a second abstract of judgment. Docket No. 1 at 7. Third, he states that he has been arrested 51 times because a "convicted stalker" is using a fake name to fool the police. *Id.* at 8. Martha contends he has a "right to confront [the] accuser who fooled Concord police 51 times." *Id.* He also states that someone, apparently the same person, stole a Picasso drawing of a bullfighter from Martha's hiding place and wrongly claims the drawing is a fake. *Id* at 9-10. Martha affirmatively alleges that he is not in custody, *id.* at 1, and his filings have come to the court from a residential address in Concord, California.

Docket No. 5 at 1-2 (footnote omitted).

Upon initial review, the court determined that Martha did not appear to satisfy the habeas

custody requirements for any of his three issues. *See* 28 U.S.C. § 2254(a) (court may entertain a

petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a

State court only on the ground that he is in custody in violation of the Constitution or laws or

treaties of the United States"); *see also* 28 U.S.C. § 2241(c)(1, 3) (the writ "shall not extend to a

prisoner unless . . . [h]e is in custody under or by color of the authority of the United States or is

committed for trial before some court thereof; or . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States"). The petition was dismissed with leave to amend to address the custody problem and for Martha to state his claims more clearly. The court wrote: "If Martha believes he can satisfy the custody requirement, no later than April 21, 2017, he must file an amended petition showing how he satisfies the custody requirement. The amended petition also must clearly state each claim for relief and describe the facts in support of each claim. Failure to file the amended petition by the deadline will result in the dismissal of this action." Docket No. 5 at 3.

Martha did not file an amended petition, and the deadline by which to do so has long passed. Martha did send several letters to the court, but they were largely incomprehensible; the letters failed to show that he satisfied the custody requirement for a habeas petition under 28 U.S.C. § 2241 or § 2254, failed to state any coherent claim for habeas relief, and failed to coherently describe the facts in support any claim. Docket Nos. 6, 7, and 8.

Martha attached to one of his letters a motion for the court to call his parents to "ask[] if elderly abuse took place." Docket No. 8 at 2. The motion is DENIED. This court is not the court in which his criminal case is pending and, to the extent he wants investigative work done in his criminal case, he should contact the attorney representing him in that criminal case to discuss his concerns.

For the foregoing reasons, this action is DISMISSED because Martha has failed to show that he satisfies the habeas custody requirement for any of the claims asserted in this action. The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: August 30, 2017

_____
SUSAN ILLSTON
United States District Judge